UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIASTAR LIFE INSURANCE
COMPANY,

        Plaintiff,

v.                              Case No: 2:16-cv-304-FtM-29CM

CINDY ANN DAMON, JOSEPH
SPINA, CHARLES SPINA,
DOMINIC SPINA, and JOSEPH
SPINA, as Executor of the
Estate of Victor Spina,

        Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Joseph Spina's
Motion to Transfer Venue to United States District Court for the
District of New Jersey, Trenton (Doc. #20) filed on June 2, 2016.
Joseph Spina certifies that he has conferred with plaintiff and
plaintiff agrees to the transfer of venue to New Jersey. (Id. ¶
11.) Defendants Charles Spina and Dominic Spina join Joseph
Spina's Motion to Transfer. (Docs. ##26, 27.) On June 9, 2016,
defendant Cindy Damon filed a Response in Opposition to Joseph
Spina's Motion to Transfer Venue (Doc. #25), to which Joseph Spina
filed a Reply (Doc. #30) on June 17, 2016.

### I.

Plaintiff, Reliastar Life Insurance Company ("Reliastar")
brought this interpleader action on April 25, 2016. (Docs. ##1,

19.)[1]   Plaintiff is an insurance company that issued a life insurance policy to Victor Spina on or about August 15, 2013. (Doc. #19, ¶ 7.)  On or about July 24, 2014, Victor Spina completed the beneficiary designation where he named Cindy Damon, Charles Spina, and Dominic Spina as co-primary beneficiaries under the policy, and listed Joseph Spina as a contingent beneficiary.  (Id. ¶¶ 10, 13-16.)

On or about July 16, 2015, Victor Spina attempted to change the beneficiary designations on the policy by completing a beneficiary designation form naming Joseph Spina as the sole primary beneficiary.  (Id. ¶ 11.)  On the same beneficiary designation form, Victor Spina also checked off a box indicating that the sole primary beneficiary was a trust created by his Last Will and Testament. (Id.)  Due to these designations being inconsistent, plaintiff returned the beneficiary designation form to Victor Spina at his Naples, Florida address by correspondence dated July 22, 2015.  (Id.)  Along with the correspondence, plaintiff sent Victor Spina a new beneficiary designation form to complete and return.  (Id.)  Victor Spina failed to complete and return another beneficiary designation form.

On December 21, 2015, Victor Spina died of natural causes. (Id. ¶ 12.)  At the time of his death, the policy was in full

---

[1] Plaintiff filed an Amended Complaint for Interpleader (Doc. #19) on May 25, 2016.

force and effect and, upon information and belief, Cindy Damon was entitled to receive 50% of the death benefits, Charles Spina was entitled to receive 25% of the death benefits, and Dominic Spina was entitled to receive 25% of the death benefits. (Id. ¶¶ 13-15.)  Joseph Spina was a contingent beneficiary and entitled to recover 100% of the death benefits. (Id. ¶ 16.)  On February 1, 2016, Cindy Damon submitted a claim for death benefits under the policy, and on February 10, 2016, Charles Spina, Joseph Spina, and Dominic Spina submitted claims for death benefits under the policy. (Id. ¶¶ 18-21.)  Victor Spina's Last Will and Testament was admitted to probate in Manmouth County, New Jersey, and Joseph Spina has been named as the executor. (Id. ¶ 22; Doc. #20, pp. 2, 6-7.)

Plaintiff brought this interpleader action to determine the rightful beneficiaries of the proceeds of Victor Spina's life insurance policy. (Doc. #19.) Defendant Joseph Spina moves to transfer venue to the United States District Court for the District Court of New Jersey, Trenton. (Doc. #20.) Defendants Charles Spina and Dominic Spina, residents of North Carolina and South Carolina, respectively, agree and join Joseph Spina's motion. (Docs. ##26, 27.) Further, Joseph Spina represents that he has conferred with plaintiff and plaintiff does not oppose the transfer. (Doc. #20, p. 3.) Defendant Cindy Damon opposes the transfer. (Doc. #25.)

## II.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party seeking transfer under 1404(a) has the burden of establishing that the transferee forum is more convenient and transfer is appropriate.  Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (quoting In re Ricoh Corp., 870 F.2d 570, 573 (1989)).

The determination of whether to transfer venue under 28 U.S.C. § 1404(a) involves a two-pronged inquiry.  The Court must first determine that the alternative venue is one in which the action could originally have been brought, then the court must balance the convenience factors in determining if transfer is justified. 28 U.S.C. § 1404(a).  When evaluating a motion to transfer venue, the court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).  Generally, when weighing these factors, the court must keep in mind that there is a "strong presumption against disturbing plaintiff['s] initial forum choice."  SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004).  Thus, in most cases, the plaintiff's choice of forum should not be disturbed unless the balance is strongly in favor of the defendant.  Id.  However, in an interpleader action "where the Plaintiff is nothing more than a disinterested stakeholder" that will likely be dismissed at an early stage of the proceedings, the plaintiff's initial choice of forum is not given the same weight and consideration.  Orsek, P.A. v. Servicios Legales De Mesoamerica A De R.L., 699 F. Supp. 2d 1344, 1353 (S.D. Fla. 2010).

**A. Judicial District Where the Case May Have Been Brought**

This action was brought pursuant to the Federal Interpleader Act, which provides federal courts with original jurisdiction over civil interpleader actions filed by any person or entity having in their custody or possession money or property of at least $500 or issuing a policy of insurance of at least $500, if there are two or more adverse claimants of diverse citizenship claiming entitlement to the money.  28 U.S.C. § 1335(a).  The Act provides that any civil interpleader action "may be brought in the judicial

district in which one or more of the claimants reside." 28 U.S.C. § 1397.

Joseph Spina seeks to transfer the case to the United States District Court for the District of New Jersey, Trenton. (Doc. #20.) Joseph Spina resides in Monmouth County, New Jersey, which is in the judicial district of the District of New Jersey, Trenton. Since this is a judicial district in which the action could originally have been brought, the first prong is satisfied.

**B. Convenience**

As to the second prong, the Court will analyze each of the "convenience" factors in turn:

<u>Convenience of the Witnesses</u>: Joseph Spina asserts that there are five witnesses in or around New Jersey that will testify as to the relationship between Cindy Damon and Victor Spina after Victor was diagnosed with stage 4 cancer and regarding events that gave rise to Victor Spina's intent to amend the beneficiaries of his life insurance policy. (Doc. #30, p. 2; Doc. #30-1, p. 4.) Cindy Damon has identified three witnesses located in Florida. (Doc. #25, p. 25.) The Court does not find that the fact that two more witnesses are located in or near New Jersey than those in Florida significant enough to justify transfer. If anything, this factor weighs slightly in favor of New Jersey.

<u>Location of Relevant Documents and the Relative Ease of Access to Sources of Proof</u>: Joseph Spina alleges that the Last Will and

Testament and the insurance policy are located in New Jersey.  The
Court does not give much weight to this factor due to the ease of
exchanging a few documents, the fact that Joseph Spina is only
pointing to two documents, and these documents, or copies thereof,
will likely be exchanged during the course of discovery.

Convenience of the Parties:  Joseph Spina is the only party
located in New Jersey.  Similarly, Cindy Damon is the only party
located in Florida.  Charles Spina and Dominic Spina are residents
of North Carolina and South Carolina, respectively.  Accordingly,
this factor is neutral.

Locus of Operative Facts:  Within Joseph Spina's motion and
Cindy Damon's response, it appears that some operative facts
occurred in both Florida and New Jersey.  Cindy asserts that the
insurance policy was obtained in Florida, while Joseph Spina
asserts that the attempted change in beneficiaries was executed
while Victor Spina was in New Jersey.  Joseph Spina asserts that
in June, Cindy Damon kicked Victor Spina out of her place in
Florida, giving rise to Victor's intent to change the beneficiary
designation of his insurance policy.  Victor Spina then went and
resided with his grandmother, also in Florida.  A short time later,
Victor traveled to and from New Jersey, where he stayed with Joseph
Spina while obtaining treatment.  The Court finds that this factor
neither weighs in favor of or against transfer.

The Availability of Process to Compel the Attendance of
Unwilling Witnesses: Rule 45 governs the issuance of subpoenas
in civil cases. Fed. R. Civ. P. 45. Rule 45 provides that a
subpoena may command attendance "within 100 miles of where the
person resides, is employed, or regularly transacts business" or
"within the state where the person resides, is employed, or
regularly transacts business in person, if the person . . . is
commanded to attend a trial and would not incur substantial
expense." Fed. R. Civ. P. 45(c). Joseph Spina has identified
three non-party witnesses in New Jersey and two non-party witnesses
in New York — all of which, it appears, are relatives of Joseph
Spina. (Doc. #30-1, p. 4.) Based upon the information currently
before the Court, the District Court for New Jersey, Trenton would
have the power to compel attendance of these witnesses.[2] Cindy
Damon has identified three non-party witnesses located in Florida.
(Doc. #25, p. 4.) Similarly, it appears that this Court has the
power to compel the attendance of the witnesses listed by Cindy.
Accordingly, the Court finds that this factor neither weighs in
favor of or against transfer.

The Relative Means of the Parties: Cindy Damon asserts that
litigating this matter in New Jersey would be extremely difficult

---

[2] The Court cannot definitively state whether the witnesses
residing in Yonkers, New York are within 100 miles of the
courthouse based upon the information it currently has.

for her given that she is a single mother that works as a waitress and cannot afford to litigate this matter elsewhere.  (Doc. #25, p. 3.)  Joseph Spina has not alleged any hardships to litigating this matter in Florida.  Accordingly, this factor weighs against transfer.

A Forum's Familiarity with the Governing Law:  Cindy Damon briefly asserts, and Joseph Spina has failed to present any arguments to the contrary, that Florida law governs the dispute over the life insurance proceeds.  Assuming this is true, this factor weighs against transfer.

The Weight Accorded a Plaintiff's Choice of Forum:  As stated previously, due to the nature of an interpleader action and the plaintiff being a disinterested stakeholder, the plaintiff's choice of forum is not entitled to the weight it would otherwise receive in a non-interpleader action.  Orsek, P.A., 699 F. Supp. 2d at 1353.  See also Williams v. Lincoln Nat'l Life Ins. Co., 121 F. Supp. 3d 1025, at 1035-36 (D. Or. 2015).

Trial Efficiency and the Interests of Justice:  The only remaining argument presented by Joseph Spina in support of transferring this action to New Jersey is the fact that the probate action is pending in New Jersey.  The probate action, however, is pending in the state court, and not the federal court, where this action would be transferred to.

Even without giving deference to the plaintiff's choice of forum, because this case involves an interpleader of funds, the Court cannot conclude that Joseph Spina has met his burden of demonstrating that the case is due to be transferred under the convenience factors.

Accordingly, it is hereby

**ORDERED:**

1.   Defendant Joseph Spina's Motion to Transfer Venue to United States District Court for the District of New Jersey, Trenton (Doc. #20) is **DENIED.**

2.   Defendants Joseph Spina, Charles Spina, and Dominic Spina shall file responsive pleadings to plaintiff's Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order

**DONE and ORDERED** at Fort Myers, Florida, this ___12th___ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Counsel of Record